**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
VOICE TELE SERVICES INC.,
:
:
                    Plaintiff, :         19-CV-5252 (JGK) (OTW)
:
        -against- :        **REPORT & RECOMMENDATION**
:
BLU-DOT TELECOMS LTD., :
:
                    Defendant. :
:
-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable John G. Koeltl, United States District Judge:**

## I. Introduction

This case was referred to me for an inquest on damages following a default by Defendant Blu-Dot Telecoms Ltd ("Defendant"). (ECF 15). After having reviewed Plaintiff's unopposed inquest submissions and having determined that an inquest hearing is unnecessary, I recommend that judgment be entered against Defendant in the amount of $266,149.99, in addition to prejudgment and post-judgment interest to be calculated by the Clerk of Court.

## II. Background

Plaintiff Voice Tele Services Inc. ("Plaintiff") commenced suit against Defendant on September 27, 2019 for breach of contract in failing to pay for telecommunication services provided by Plaintiff to Defendant. Complaint ("Compl.") (ECF 1) ¶ 1. According to the parties' Reciprocal Carrier Services Agreement ("the Agreement"),[1] entered on December 10, 2018,

---
[1] Plaintiff attached the Agreement to its complaint. Compl., Ex. 1.

Plaintiff would issue invoices every fifteen days, to be paid within fifteen days of receipt. Compl. ¶ 8. In February 2019, Plaintiff issued three separate invoices to Defendant, totaling $400,297.49. Compl. ¶¶ 10, 12, 14. Despite Plaintiff making several demands of payment from Defendant after the due dates had passed, Defendant only made a partial payment on the first invoice and has failed to pay anything on the other two invoices. Compl. ¶¶ 11, 13, 15, 18. Nor did Defendant dispute any of the invoice's charges within seven days of the invoice date, as permitted by the Agreement. Compl. ¶ 17. Accordingly, Plaintiff seeks payment of the $253,279.47 outstanding balance, the contractual late payment interest of 1.5% per month, attorney's fees and costs, and pre- and post-judgment interest. Compl. ¶ 26 & p. 5.

Plaintiff received a clerk's certificate of default on July 12, 2019 upon Defendant's failure to respond to the complaint. (ECF 10). Judge Koeltl subsequently held an order to show cause hearing on September 6, 2019 on why default judgment should not be entered against Defendant. At the hearing, Defendant failed to appear. Sept. 6, 2019 Tr. (ECF 19) at 2:8-10. Judge Koeltl subsequently determined that Plaintiff was entitled to a default judgment and referred the matter to me for a report and recommendation on the amount of damages to award. (ECF 16). I directed Plaintiff to submit proposed findings of fact and conclusions of law, as well as an inquest memorandum, and to serve the briefing schedule order on Defendant. (ECF 17).[2]

Plaintiff filed its proposed findings of fact and conclusions of law, as well as its inquest memorandum, on September 27, 2019. (ECF 21-22). Per Plaintiff's certificate of service, Plaintiff

---

[2] Per Plaintiff's certificate of service, Plaintiff served Defendant with the Order via registered mail on September 11, 2019. (ECF 18).

served Defendant with its inquest papers via registered mail on October 1, 2019. (ECF 25). Although Defendant's opposition was due October 14, 2019, Defendant has not made any submissions.

III. **Discussion**

   a. **Inquest Standard**

Even though a complaint's factual allegations are presumed true in the event of a default, damages allegations are not entitled to the same presumption. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Plaintiff must still supply an evidentiary basis for the specific damages amount sought. *Santana v. Latino Express Restaurants, Inc.*, 198 F. Supp. 3d 285, 292 (S.D.N.Y. 2016).

An inquest into damages may be conducted without an evidentiary hearing. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *2 (S.D.N.Y. May 14, 2012) ("[A] hearing is not required where a sufficient basis on which to make a calculation exists."). In this case, no hearing was requested or held, as the damages awarded can be ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

   b. **Jurisdiction and Venue**

This Court has proper subject-matter jurisdiction over the case via the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff seeks over $75,000 in damages. Compl. ¶¶ 26, 33. In addition, Plaintiff is a citizen of Pennsylvania while Defendant is a citizen of the United

Kingdom. Compl. ¶ 2; *see also* Compl., Ex. 1 (ECF 1-1) (Reciprocal Carrier Services Agreement) at 2.

The Court can exercise personal jurisdiction over Defendant because although none of the parties reside in New York, the Agreement contains an enforceable forum selection clause. *See U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 615 (S.D.N.Y. 2008) (finding a forum selection clause is "sufficient to provide this Court with jurisdiction over the defendants under New York law") (citing *CV Holdings, LLC v. Bernard Tech., Inc.*, 788 N.Y.S.2d 445, 446 (N.Y. App. Div. 2005)). The Agreement's clause states, in part, that "[t]he Parties consent to jurisdiction in any state or federal court located in New York City, New York." Compl., Ex. 1 at 7. Plaintiff also submitted an affidavit of service, showing that Defendant was personally served with the summons and complaint at its registered office. (ECF 7).[3]

Venue is proper in this District based on the forum selection clause, which further provides, in part, that any civil action arising from the Agreement "shall be brought and heard only in a state or federal court located in New York City, New York and the Parties hereto expressly waive any rights under any law or rule to cause any such proceedings to be brought and heard in any other location." Compl., Ex. 1 at 7.

   c. <u>**Liability**</u>

A breach of contract under New York law requires the following elements: (1) the existence of a contract; (2) performance by Plaintiff; (3) breach by Defendant; and (4) damages caused to Plaintiff by the breach. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d

---

[3] Judge Koeltl already concluded that service was proper in this matter. *See* Sept. 6, 2019 Tr. at 2:16-17 ("The docket should reflect that there was proper service.").

4

42, 52 (2d Cir. 2011). Plaintiff adequately pleaded a *prima facie* case of a breach of contract by alleging that after the parties entered into a contract for payment and Plaintiff provided Defendant with telecommunication services, Defendant failed to fully pay three invoices. Compl. ¶¶ 7-8, 18-19. Because all factual allegations must be accepted as true following a default, Defendant is liable for breach of contract. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

   d. **Damages**[4]

The proper method to compute damages for a breach of contract is to determine the "amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 92 (2d Cir. 1984). Here, if Defendant had fulfilled its contractual obligations under the Agreement, it would have paid Plaintiff's three invoices. *See* ECF 1-1 ¶ 6 ("payment for such Services is due and payable in US dollars fifteen (15) days from the receipt of the invoice").

Plaintiff submitted copies of the three unpaid invoices, in addition to an account statement for Defendant. (ECF 23 at 5-10). Invoice #324, due February 16, 2019, is for $147,124.93. *Id*. at 5. As shown in Defendant's account statement, Defendant made two payments, on February 19 and February 20, 2019 respectively, on Invoice #324 totaling $147,018.02. *Id*. at 10. This leaves a remaining balance on Invoice #324 of $106.91. Invoice #354, due March 3, 2019, and Invoice #384, due March 16, 2019, require Defendant to pay $104,196.19 and $148,976.37 respectively. *Id*. at 6-7. Because Defendant has made no payment

---

[4] In addition to breach of contract, Plaintiff also brought an account stated claim. In its inquest submissions, Plaintiff acknowledged that damages under its account stated claim would be barred as duplicative if damages were awarded for breach of contract. (ECF 21 ¶ 35).

5

on Invoice #354 or Invoice #384, Affidavit of Arkady Sorokin (ECF 23) ¶¶ 9, 11, Defendant is in contractual breach for a total of **$253,279.47** ($106.91 + $104,196.19 + $148,976.37).

   e. **Late Charges**

Courts in this District have been inconsistent on whether a breach of contract plaintiff can recover both late fees and prejudgment interest. Compare *TIG Ins. Co. v. Newmont Mining Corp.*, No. 04-CV-4105 (SAS), 2005 WL 2446234, at *3 (S.D.N.Y. Oct. 4, 2005) ("a party may not recover interest as damages for late payments, as well as prejudgment interest, accruing on the same principal amount over the same time period"); *Wells Fargo Bank Minnesota v. BrooksAmerica Mortg. Corp.*, No. 02-CV-4467 (HB), 2004 WL 2072358, at *11 n.15 (S.D.N.Y. Sept. 14, 2004) (denying late fee award for breach of contract because it would be duplicative of prejudgment interest award) with *Queens Ballpark Co., LLC v. Vysk Commc'n*, 226 F. Supp. 3d 254, 260 (S.D.N.Y. 2016) (awarding both statutory prejudgment interest and late fees in breach of contract case); *WKOB Commc'n, Inc. v. Ortiz Broad. Corp.*, No. 02-CV-3664 (LAK) (RLE), 2005 WL 556999, at *5 (S.D.N.Y. Feb. 10, 2005) (awarding both the contractual interest and the statutory interest), *adopted by* 2005 WL 550499 (S.D.N.Y. Mar. 9, 2005).

I find more persuasive the cases that have analyzed the issue of impermissible double recovery over the cases where the courts merely granted the plaintiff's requested fees and interest without analysis. The Agreement itself puts Defendant on notice that it will be liable for either the 1.5% monthly rate or "the maximum amount permitted by law, whichever is greater." Compl, Ex. 1 ¶ 6. Nowhere in the Agreement does it mention that Defendant may be liable for the sum of the contractual interest <u>plus</u> statutory interest. To permit both interest awards would be to allow duplicative compensation for the delay in Plaintiff receiving its owed

payment. *See Ultra Coachbuilders, Inc. v. General Sec. Ins. Co*., 229 F. Supp. 2d 284, 289 (S.D.N.Y. 2002) (noting it would be "unreasonable" to permit recovery of late fees where pre-judgment interest already compensates the plaintiff for payment delays); *Advanced Retail Mktg., Inc. v. News America Mktg. FSI, Inc*., 758 N.Y.S. 2d 8, 9 (N.Y. App. Div. 2003) (finding late charge duplicative of statutory prejudgment interest). Accordingly, because "New York law requires prejudgment interest to be awarded in breach of contract cases," I recommend <u>not</u> awarding any late charges. *See Foresco Co., Ltd. v. Oh*, 337 F. Supp. 3d 304 (S.D.N.Y. 2018).

   f. **<u>Pre- and Post-Judgment Interest</u>**

Prejudgment interest is intended to "compensate a plaintiff for lost use of money owed." *Tackie v. Keff Enter. LLC*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014). In diversity cases, the issue of prejudgment interest is governed by state law, here New York. *See Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999). New York law provides that interest shall be calculated on a simple interest basis at nine percent per year. *See* N.Y. C.P.L.R. § 5004; *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998). Where, as here, the damages were incurred at various times, interest would run from either "the date it was incurred or upon all of the damages from a single reasonable intermediate date." *See* N.Y. C.P.L.R. § 5001(b). Which date to use is up to the Court's discretion. *155 Henry Owners Corp. v. Lovlyn Realty Co*., 647 N.Y.S. 2d 30, 32 (N.Y. App. Div. 1996). Because Plaintiff is only alleging three instances of non-payment, it is reasonably simple to calculate the interest from each date of breach.

Invoice #324

Because payment was due February 16, 2019, the invoice would have been over-due on February 17, 2019. (ECF 23 at 5). Using Plaintiff's date of September 27, 2019, the date of the inquest submission, Plaintiff would be owed $5.85[5] in prejudgment interest ($106.91 x 0.09 x [222 days/365 days per year]), and $0.03 per day ($106.91 x 0.09 x [1/365]) from September 28, 2019 to the date of judgment.

Invoice #354

Because payment was due March 3, 2019, the invoice would have been over-due on March 4, 2019. (ECF 23 at 6). Using Plaintiff's date of September 27, 2019, the date of the inquest submission, Plaintiff would be owed $5,318.29 in prejudgment interest ($104,196.19 x 0.09 x [207 days/365 days per year]), and $25.69 per day ($104,196.19 x 0.09 x [1/365]) from September 28, 2019 to the date of judgment.

Invoice #384

Because payment was due March 16, 2019, the invoice would have been over-due on March 17, 2019. (ECF 23 at 7). Using Plaintiff's date of September 27, 2019, the date of the inquest submission, Plaintiff would be owed $7,126.38 in prejudgment interest ($148,976.37 x 0.09 x [194 days/365 days per year]), and $36.73 per day ($148,976.37 x 0.09 x [1/365]) from September 28, 2019 to the date of judgment.

---

[5] I surmise that since the numbers used are largely the same, the differences between Plaintiff's totals and mine are due to rounding errors or miscalculations by Plaintiff.

Totals

Combined, Plaintiff is owed **$12,450.52** in prejudgment interest ($5.85 + $5,318.29 + $7,126.38), and an additional **$62.45** per day ($0.03 + $25.69 + $36.73) from September 28, 2019 to the date of judgment.

In contrast, post-judgment interest, even in diversity cases, is governed by federal law. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (affirming that post-judgment interest is mandatory for civil judgments in federal district courts). Therefore, I recommend the awarding of post-judgment interest at the statutory rate[6] pursuant to 28 U.S.C. §1961(a) from the date of judgment to the date of payment.

## IV. Costs

Plaintiff further seeks recovery of its $400 filing fee[7] pursuant to 28 U.S.C. §1920 and a $20 statutory docket fee pursuant to 28 U.S.C. §1923. (ECF 22 at 12-13). Taxation of costs can be sought through Federal Rule of Civil Procedure 54(d), which permits an award of "costs other than attorney's fees" to the "prevailing party." *See* Fed. R. Civ. P. 54(d). The section cited by Plaintiff, 28 U.S.C. §1920, lays out the categories of taxable costs, which expressly include clerk's filing fees and docket fees. *See* 28 U.S.C. § 1920(1) & (5); *Gray v. Proteus Sports and Racing Cars Ltd.*, No. 13-CV-8717 (JGK), 2014 WL 7330859, at *9 (S.D.N.Y. Dec. 23, 2014) (awarding costs under §1920 in breach of contract inquest). Accordingly, finding these costs reasonable, I recommend that Plaintiff be awarded costs of **$420**.

---

[6] To be calculated at a rate "equal to the weekly average 1-year constant maturity Treasury yield" at the date of the entry of judgment. 28 U.S.C. § 1961(a).

[7] Although Plaintiff does not attach a receipt, the Court will take judicial notice of the $400 filing fee amount.

## V. Conclusion

For the foregoing reasons, I recommend that Plaintiff be awarded the following:

- $253,279.47 in damages;

- $12,450.52 in pre-judgment interest and an additional $62.45 per day from September 28, 2019 to the date of judgment, to be calculated by the Clerk of Court;

- $420 in costs; and

- post-judgment interest at the statutory rate pursuant to 28 U.S.C. §1961.

## VI. Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable John G. Koeltl, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Koeltl.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

Plaintiff is ordered to serve a copy of this Report & Recommendation on Defendant and

file a proof of service within 7 days of the date of this Order.

Respectfully submitted,

Dated: December 2, 2019  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge